UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JUL -1  PM 12: 13

CLERK

BY ___LAW
DEPUTY CLERK

| | |
|---|---|
| Verina Field, | ) CIVIL CASE NO. _____ |
| | ) |
| Plaintiff, | )  2:21·CV·181 |
| | ) |
| v. | ) |
| | ) |
| Black River Produce, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

### INTRODUCTION

1. The Plaintiff, Verina Field, seeks redress against the Defendant, Black River Produce, for the unjust and unlawful termination of her employment based on her sex and race, in violation of the Vermont Fair Employment Practices Act, 21 V.S.A. 495 and in retaliation for her complaint of discrimination, in violation of the Vermont Fair Employment Practices Act, 21 V.S.A. 495 and for other state and common law claims pled below.

### JURISDICTION AND VENUE

2. This action arises out of Defendant's breach of its contractual and other obligations to the plaintiff, as well as its violations of the Vermont Fair Employment Practices Act, 21 V.S.A. 495 and Vermont common law.

3. The Plaintiff is a resident of New Hampshire and the Defendant is a resident of Vermont. The amount in controversy exceeds $75,000.

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

6. Plaintiff Verina Field resides in the State of New Hampshire.  At all times specified above, Plaintiff was an employee of the Defendant, Black River Produce.

7. Upon information and belief, Defendant Black River Produce, is a Vermont based corporation with a principal place of a business located at 449-453 River Street, Springfield, VT, 05150.

## STATEMENT OF FACTS

8. Plaintiff was originally hired by the Defendant as a picker in November 2014 where she was responsible for selecting produce during the nightshift to fill orders for shipping.

9. Plaintiff was the only female working in the warehouse during the nightshift.

10. Despite her small frame of 5'0" and weighing roughly 110 pounds, Plaintiff routinely outperformed her male co-workers and was told by the Vice President of Operations, that she was the best picker at the company and that in spite of her small size, she regularly outworked her male co-workers.  This comment was repeated to Plaintiff's male co-workers causing resentment and animosity toward the Plaintiff.

11. During her December 2017 performance evaluation, Plaintiff's manager wrote the following:

    "Verina is AWESOME; she comes to work on time every day, with a great attitude and is ready to take on whatever particular challenges that day may bring.  She is very helpful and courteous to her co-workers, always willing to lend a hand to whoever needs it.  Verina is the most consistently great employee I have worked with anywhere, if I had all Verinas in my department work would be sunshine and rainbows.  Thank you for all that you do for me, and our company.  It is people like you that make this company so great."

12. Roughly five months later, on May 25, 2018, while working on the job, Plaintiff was harassed by a co-worker, resulting in a verbal argument, before Plaintiff pushed a cardboard box across a table in the direction of the co-worker.

13. Immediately after the incident, Plaintiff informed the company of what had occurred and informed them that her co-worker was the aggressor.

14. Following notice of the argument, without conducting any investigation whatsoever and armed only with the knowledge reported by Plaintiff that the co-worker was the aggressor, the Defendant suspended Plaintiff without pay pending an investigation into the incident.

15. The male co-worker involved in the incident was not docked pay and was not fired.

16. During the investigation, Plaintiff was interviewed by staff for the Defendant and informed them that she felt she was suspended because she was a woman and that the incident occurred because the male employees felt resentment towards Plaintiff due to management insinuating that the men were being outworked by a woman.

17. Rather than respond and investigate Plaintiff's allegations of discrimination based on her sex, the Defendant fired Plaintiff on June 7, 2018, partially in response to the May 25th incident and partially in retaliation for her complaint of discrimination.

18. The male co-worker involved in the incident was not docked pay, was not suspended, was not fired and did not even have so much as a note of the incident placed in his file.

19. In light of Defendant's non-compliance with the Vermont Fair Employment Practices Act, Plaintiff initiated the reporting of discrimination based on her sex and retaliation for complaining of same to the Vermont Attorney General's office.

20. After reviewing employment files, video recordings and conducting interviews, the Civil Rights Unit of the Vermont Attorney General's office found sufficient evidence to conclude that the Defendant had discriminated against the Plaintiff based on her sex and had fired her in retaliation for complaining of same, both in violation of the Vermont Fair Employment Practices Act.

21. Plaintiff's nationality is Filipino and she is of Asian descent, upon information and belief, she was also discriminated against on the basis of her race.

22. Plaintiff was the target of frequent racially based insults by her co-workers while working for the Defendant and the Defendant took no steps to protect Plaintiff or to ensure the insults and discrimination subsided.

<u>COUNT ONE</u>
<u>WRONGFUL TERMINATION</u>
<u>RETALIATION</u>

23. Plaintiff re-alleges and reasserts Paragraphs 1 - 21 as if fully set forth here.

24. Defendant's termination of Plaintiff constitutes unlawful discrimination and unlawful retaliation pursuant to 21 V.S.A. § 495 (a)(1) and 21 V.S.A. § 495 (a)(8).

   **WHEREFORE**, Plaintiff respectfully requests:

   a) Compensatory and punitive damages in the amount of $450,000.00;

   b) Restitution of wages or other benefits;

   c) Reasonable attorney's fees, and;

   d) Her costs and any other relief deemed reasonable by the Court.

<u>COUNT TWO</u>
<u>DISCRIMINATION BASED ON SEX</u>

25. Plaintiff re-alleges and reasserts Paragraphs 1 - 23 as if fully set forth here.

26. Defendant's termination of Plaintiff constitutes unlawful discrimination pursuant to 21 V.S.A. § 495 (a)(1) and 21 V.S.A. § 495 (a)(8).

   **WHEREFORE**, Plaintiff respectfully requests:

   e) Compensatory and punitive damages in the amount of $450,000.00;

   f) Restitution of wages or other benefits;

   g) Reasonable attorney's fees, and;

   h) Her costs and any other relief deemed reasonable by the Court.

<u>COUNT THREE</u>
<u>DISCRIMINATION BASED ON RACE/NATIONALITY</u>

26. Plaintiff realleges and reasserts Paragraphs 1 – 25 as if fully set forth here.

27. Defendant's termination of Plaintiff constitutes unlawful racial discrimination pursuant to 21 V.S.A. § 495 (a)(1) and 21 V.S.A. § 495 (a)(8).

4

**WHEREFORE**, Plaintiff respectfully requests:

a)  Compensatory and punitive damages in the amount of $450,000.00;

b)  Restitution of wages or other benefits;

c)  Reasonable attorney's fees, and;

d)  Her costs and any other relief deemed reasonable by the Court.

COUNT FOUR

WRONGFUL TERMINATION

CONTRARY TO PUBLIC POLICY

28.  Plaintiff realleges and reasserts Paragraphs 1 – 27 as if fully set forth here.

29.  It is in the best interests of the public for individuals in the private sector tasked with handling personnel matters involving sexual discrimination to be free to assist in enforcing the law without fear of retribution or retaliation or termination.

30.  Plaintiff's termination by Defendant violated these precepts and was unlawful as contrary to public policy.

**WHEREFORE**, Plaintiff respectfully requests:

e)  Compensatory and punitive damages in the amount of $450,000.00;

f)  Restitution of wages or other benefits;

g)  Reasonable attorney's fees, and;

h)  Her costs and any other relief deemed reasonable by the Court.

COUNT FIVE

SEXUAL HARASSMENT

31.  Plaintiff realleges and reasserts Paragraphs 1 – 30 as if fully set forth here.

32.  Defendant's conduct constituted unlawful sexual harassment pursuant to 21 V.S.A. § 495 (h); and created and perpetuated conduct that substantially interfered with Plaintiff's work performance and created an intimidating, hostile, and offensive work environment.

**WHEREFORE**, Plaintiff respectfully requests:

a)  Compensatory and punitive damages in the amount of $450,000.00;

b)  Restitution of wages or other benefits;

c)  Reasonable attorney's fees, and;

d)  Her costs and any other relief deemed reasonable by the Court.

COUNT SIX

PUNITIVE DAMAGES

33.  Plaintiff re-alleges and reasserts Paragraphs 1 - 32 as if fully set forth here.

34.  Defendant's conduct during the course of its employment of Plaintiff was rife with malice, ill will and/or a wanton disregard for Plaintiff's rights to honesty, integrity and fair dealing, such that an award of punitive damages is warranted.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a.  Award her punitive damages.

b.  Her attorney's fees and costs, and

c.  All other relief the Court deems just.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Award her compensatory and punitive damages in excess of $450,000.00.

2.  Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action, pursuant to 21 V.S.A. § 495b.

3.  Grant Plaintiff such other and further relief that this Court deems proper.

**DATED** at Brattleboro, County of Windham and State of Vermont, this 29th day of June, 2021.

**VERINA FIELD**

By: _____

Theodore C. Kramer, Esq.
Attorney for Plaintiff
Kramer Law, P.C.
42 Park Place
Brattleboro, VT 05301
(802) 257-2221
tck@kvpclaw.com